

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00100-CR
_____

EDWARDO MORROW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 56481-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Edwardo Morrow pled guilty to second-degree felony offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Supp.). After both parties made closing arguments without presenting evidence, the trial court accepted Morrow's plea and assessed him twenty-seven years' imprisonment. Morrow appeals.

Morrow's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal is without merit and that no reversible error appears in the record. We have conducted an independent review of the entire record and the *Anders* brief. We affirm the trial court's judgment.

Morrow's trial counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *Anders*, 386 U.S. at 743; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 16, 2026, appellate counsel mailed to Morrow copies of the brief, the motion to withdraw, and a copy of the appellate record. Morrow was informed of his right to review the record and file a pro se response.

By this Court's letter dated March 16, 2026, this Court informed Morrow that his pro se response was due on or before April 15, 2026. On April 29, 2026, we further informed Morrow that the case would be set for submission on May 20, 2026. We received neither a pro se response from Morrow nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[1]

Jeff Rambin
Justice

Date Submitted:      May 20, 2026
Date Decided:      May 22, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.